**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000034
18-APR-2019
07:54 AM**

NO. CAAP-18-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JULIE NAKAMOTO, Plaintiff-Appellant, v.
HILTON WAIKOLOA VILLAGE; HILTON WORLDWIDE INC.;
HAWAII CARE AND CLEANING, INC.; JOHN DOES 1-10;
JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
and DOE GOVERNMENT ENTITIES 1-10, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-260K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)


Plaintiff-Appellant Julie Nakamoto (**Nakamoto**) appeals from the Final Judgment as to All Claims and Parties, filed on December 22, 2017 (**Final Judgment**) in the Circuit Court of the Third Circuit (**Circuit Court**).[1]  Nakamoto also challenges the Circuit Court's:  (1) Order Denying Plaintiff's Motion to Set Aside Order of Dismissal (Rule 12(Q)), filed on July 7, 2016 (**Order Denying Motion to Set Aside**);  (2) Order Denying Plaintiff's Motion to Set Aside Order of Dismissal (Rule 12(Q))

---

[1]    The Honorable Melvin H. Fujino presided.

Filed May 16, 2016, filed August 11, 2016 (**Order Denying Second Motion to Set Aside**); (3) Order Denying Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion to Set Aside Order of Dismissal (Rule 12(q)), Filed May 16, 2016, filed on September 6, 2016 (**Order Denying Motion to Reconsider**); and (4) Order Denying Plaintiff's Motion to Reconsider the August 11, 2016 Order Denying Plaintiff's Motion to Set Aside Order of Dismissal (Rule 12(Q)), Filed May 16, 2016, filed on June 1, 2017 (**Order Denying Second Motion to Reconsider**).

Nakamoto raises two points of error on appeal, contending that: (1) the Circuit Court erred in denying her Motion to Set Aside because the motion was timely filed and the court abused its discretion in applying an inappropriately high standard in finding there was "no good cause shown" to set aside the dismissal" as case law requires that a judge find good cause so long as there is no deliberate delay, contumacious conduct, or actual prejudice; and (2) the Circuit Court abused its discretion in failing to consider less severe sanctions and in providing no explanation why sanctions less severe than dismissal were not imposed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve Nakamoto's points of error as follows:

As a preliminary matter, Defendant-Appellee Hawaii Care and Cleaning, Inc. (**HCC**) argues that the Order Denying Second

Motion to Reconsider, entered by the Circuit Court on June 1, 2017, constituted a "final judgment" and, therefore, Nakamoto's appeal is untimely. "Appellate jurisdiction is a base requirement in order for [the appellate] court to resolve an appeal, and this court has an obligation to determine that such jurisdiction exists. This determination entails a question of law." Beneficial Hawaii, Inc. v. Casey, 98 Hawai'i 159, 164, 45 P.3d 359, 364 (2002) (citations omitted).

Nakamoto's motions to reconsider were purportedly brought under both Hawai'i Rules of Civil Procedure (**HRCP**) Rule 59 (New Trial; Amendment of Judgments) and 60 (Relief from Judgment or Order). In Bailey v. Duvauchelle, the Hawai'I Supreme Court held that

> relief under HRCP Rule 60(b) requires an underlying judgment that comports with the principles of finality set forth in Jenkins. Absent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment. [Cho v. State, 115 Hawai'i 373, 383-84, 168 P.3d 17, 27-28 (2007)]; see Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment 'brings up for review all interlocutory orders not appealable directly as of right which deal with issues in this case.'") (quoting Pioneer Mill Co. v. Ward, 34 Haw. 686, 694 (1938)). Correlatively, until entry of an appealable final judgment, the timing requirements that would otherwise apply to HRCP Rule 60(b) motions are inapplicable. See Carter v. Beverly Hills Savings & Loan Ass'n, 884 F.2d 1186, 1189 (9th Cir. 1989) (stating, "the time requirements of Rule 60(b) only commence running upon 'entry' of final judgment that complies with Rule 58," and "[i]t follows that where a final judgment complying with Rule 58 was never entered, a post-judgment motion may not be deemed untimely.").

135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015). This also applies to motions to reconsider brought under HRCP Rule 59. See Ass'n of Apartment Owners of Hololani v. Miller, No. CAAP-15-0000343, 2015 WL 7776314, *1-*3 (Haw. App. Dec. 2, 2015) (Order) (dismissing appeal of order denying HRCP Rule 59 motion to

3

reconsider because underlying judgment was not final).

Therefore, an order denying a motion to reconsider, asserted

under either HRCP Rules 59 or 60, cannot be considered a final

judgment unless there was first an underlying order or judgment

that satisfied the finality requirements of Jenkins. See id.;

Bailey, 135 Hawaiʻi at 491, 353 P.3d at 1033.

In Jenkins v. Cades Schutte Fleming & Wright, the

supreme court set out bright lines rules regarding when an appeal

from an order may be taken. 76 Hawaiʻi 115, 119, 869 P.2d 1334,

1338 (1994). The supreme court in Jenkins held:

> (1) An appeal may be taken from circuit court orders
> resolving claims against parties only after the orders
> have been reduced to a judgment and the judgment has
> been entered in favor of and against the appropriate
> parties pursuant to HRCP 58; (2) if a judgment
> purports to be the final judgment in a case involving
> multiple claims or multiple parties, the judgment (a)
> must specifically identify the party or parties for
> and against whom the judgment is entered, and (b) must
> (i) identify the claims for which it is entered, and
> (ii) dismiss any claims not specifically identified;
> (3) if the judgment resolves fewer than all claims
> against all parties, or reserves any claim for later
> action by the court, an appeal may be taken only if
> the judgment contains the language necessary for
> certification under HRCP 54(b); and (4) an appeal from
> any judgment will be dismissed as premature if the
> judgment does not, *on its face*, either resolve all
> claims against all parties or contain the finding
> necessary for certification under HRCP 54(b).

Id. (emphasis in original).

HCC does not argue, or identify, an underlying order or

judgment that was final under Jenkins so as to make the Order

Denying Second Motion to Reconsider a final judgment for appeal.

The underlying order for which reconsideration was sought was the

Circuit Court's Order Denying Second Motion to Set Aside.

However, that order, along with the original Order Denying Motion

4

to Set Aside, both fail to satisfy the finality requirements of <u>Jenkins</u>.

The Final Judgment, however, resolved all claims as to all parties and entered judgment in favor of HCC and Defendant-Appellee Hilton Waikoloa Village and Hilton Worldwide Inc. and against Nakamoto as to all claims in Nakamoto's Amended Complaint, and dismissed all other claims. Nakamoto filed her notice of appeal within thirty days after the entry of the Final Judgment, as required by Hawai'i Rules of Appellate Procedure Rule 4(a)(1). Therefore, Nakamoto's appeal is timely, and this court has jurisdiction.

(1 & 2) Nakamoto argues the Circuit Court erred in denying her Motion to Set Aside because the motion was timely filed and the court abused its discretion in applying an inappropriately high standard in finding there was "no good cause shown." Nakamoto further argues the Circuit Court abused its discretion in failing to consider less severe sanctions and in providing no explanation why sanctions less severe than dismissal were not imposed.

The Circuit Court dismissed Nakamoto's claims for failure to timely file her pretrial statement pursuant to RCH Rule 12(q). Rules of the Circuit Court of the State of Hawai'i (**RCCH**) Rule 12(q)'s language is patterned after Hawai'i Rules of

Civil Procedure (**HRCP**) Rule 41(b)(2).[2] <u>Ryan v. Palmer</u>, 130 Hawaiʻi 321, 323, 310 P.3d 1022, 1024 (App. 2013). Under HRCP Rule 41(b)(2), a dismissal with prejudice is a "severe sanction" of "last resort" that cannot be affirmed "absent deliberate delay, contumacious conduct, or actual prejudice." <u>Id.</u> (quoting <u>In re Blaisdell</u>, 125 Hawaiʻi 44, 49, 252 P.3d 63, 68 (2011)). "[A]bsent a clear record of delay or contumacious conduct, 'the careful exercise of judicial discretion requires that a [trial] court consider less severe sanctions [than dismissal] and explain, where not obvious, their inadequacy for promoting the interests of justice.'" <u>Blaisdell</u>, 125 Hawaiʻi at 49, 252 P.3d at 68 (quoting <u>Schilling v. Walworth Cty. Park & Planning Comm'n</u>, 805 F.2d 272, 275 (7th Cir. 1986)).

Nakamoto's Motion to Set Aside was timely filed and was supported by the declaration of counsel explaining that the failure to timely file the pretrial statement was inadvertent. The motion was unopposed, and no hearing on the motion was conducted. The record shows that the case was proceeding to an arbitration process and all parties were actively involved in the litigation at the time of dismissal. In denying the Motion to

---

[2]    HRCP Rule 41 states, in relevant part:

**Rule 41.    DISMISSAL OF ACTIONS.**
. . . .
    **(b)    Involuntary dismissal: Effect thereof.**
. . . .
    (2)    For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

Set Aside, the Circuit Court made no findings of deliberate delay, contumacious conduct, or actual prejudice, and offered no express consideration of less severe sanctions.

We conclude that the Circuit Court abused its discretion in refusing to set aside the dismissal of Nakamoto's complaint because the record shows only that counsel's failure to timely file the pretrial statement was inadvertent, the court did not address the Blaisdell factors, and the court failed to explain why a less severe sanction was insufficient. See Wheels of Justice, LLC v. Title Guar. Escrow Servs., Inc., No. CAAP-14-0000758, 2017 WL 1927746, *2 (Haw. App. May 10, 2017) (SDO) (finding abuse of discretion dismissing under RCCH Rule 12(q) where record does not show court considered the Blaisdell factors and court fails to explain why less severe sanctions were insufficient).

For these reasons, we vacate the Circuit Court's: (1) December 22, 2017 Final Judgment; (2) July 7, 2016 Order Denying Motion to Set Aside; (3) August 11, 2016 Order Denying Second Motion to Set Aside; (4) September 6, 2016 Order Denying Motion to Reconsider Order; and (5) June 1, 2017 Order Denying Second

Motion to Reconsider.   We remand this case for further proceedings.

DATED: Honolulu, Hawaiʻi, April 18, 2019.

On the briefs:

Glenn T. Honda,
for Plaintiff-Appellant.

Jeffrey H.K. Sia,
Diane W. Wong,
(Chong Nishimoto Sia Nakamura
 & Goya),
for Defendants-Appellees
HILTON WAIKOLOA VILLAGE and
HILTON WORLDWIDE, INC.

Robert J. Crudele,
Henry F. Beerman,
(Crudele & Beerman),
for Defendant-Appellee
HAWAII CARE AND CLEANING, INC.

Presiding Judge

Lawrence M Reifurth
Associate Judge

Associate Judge